UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

PATRICK ROSE, on behalf of himself and others
similarly situated,

Civil Action No.: 1:21-cv-05519

                Plaintiff,

    -against-

**DEFENDANT NEW TSI
HOLDINGS, INC.'S  REPLY TO
PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION
COMPLAINT**

NEW TSI HOLDINGS INC.,

                Defendant.

SEPTEMBER 15, 2021

------------------------------------------------------------- X

Dated: Harrison, New York
       September 15, 2021

Respectfully Submitted,

GORDON REES SCULLY &
MANSUKHANI, LLP

By:
/s/ Donald G. Derrico
Donald G. Derrico, Esq.
Jake T. Goldstein, Esq.
Attorneys for Defendants
*NEW TSI HOLDINGS INC.*
500 Mamaroneck Ave Suite 503
Harrison, NY  10528
T: (914) 777-2210

1

I.     **INTRODUCTION**

Defendant New TSI Holdings, Inc. ("Defendant") submits this Reply to Plaintiff Patrick Rose's ("Plaintiff") Opposition (Doc No. 21) to Defendant's Motion to Dismiss.  Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA") should be dismissed as the allegations are conclusions insufficient to state a claim.  Plaintiff's conclusory allegations are legally insufficient to state a claim that Plaintiff received pre-recorded calls and Plaintiff's Opposition failed to identify any allegation that would demonstrate that he received pre-recorded calls.  Second, Plaintiff's allegations fail to state a Do-Not-Call claim under 47 U.S.C. § 227(c).  Third, Plaintiff has no private right of action under 47 U.S.C. § 227(c) since Plaintiff is not a residential telephone subscriber.  Finally, Plaintiff's claims for punitive damages pursuant to 47 U.S.C. § 227 should be dismissed for failure to sufficiently plead willful or knowing statutory violations.  Accordingly, Plaintiff's Complaint should be dismissed.

II.    **ARGUMENT**

A.    **Plaintiff's Conclusory Allegations Are Legally Insufficient To State a Claim that Plaintiff Received Pre-Recorded Calls**

Plaintiff fails to allege facts that would demonstrate that he received pre-recorded calls as alleged in (Count Three) and the Opposition fails to identify any allegations pertaining to the "tenor, nature, or circumstances" of the calls. *See Manopla v. Sansone Jr.'s 66 Automall*, No. CV1716522FLWLHG, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020).  Instead, Plaintiff merely repeats that he has alleged the *contents* of the call by transcribing the message.  This alone does not suggest anything pertaining to nature of the call, and the allegations cited by Plaintiff are wholly irrelevant on this point.

Plaintiff points to only <u>one</u> allegation to support his argument that the allegations were not conclusory, and that is the transcription of the two messages received by Plaintiff.[1]  Plaintiff then cites three cases in support of the proposition that leaving two messages with the same script is sufficient evidence of a prerecorded message: *Husain v. Bank of Am., N.A.*, No. 18 CV 7646, 2020 WL 777293 (N.D. Ill. Feb. 18, 2020), *Dendy v. Chartrand*, No. 18-CV-1118-WPJ, 2019 WL 719762 (D.N.M. Feb. 20, 2019), and *Abramson v. Caribbean Cruise Line, Inc.*, No. 2:14-CV-00435, 2014 WL 2938626 (W.D. Pa. June 30, 2014).  These decisions do not support the Plaintiff's argument: as more fully discussed below, *Husain* and *Dendy* do not involve contested allegations of prerecorded messages and *Abramson* is easily distinguishable as that plaintiff attempted to speak with the recording and called back only to hear the same message.

Plaintiff's reliance on *Husain* is misplaced as: (1) that case did not include a challenge to whether the message was pre-recorded but instead as to whether an ATDS was used; and (2) even there the plaintiff included more allegations regarding the tenor, nature, and circumstances of the call.  *See Husain v. Bank of Am., N.A.* No. 18 CV 7646, 2020 WL 777293 (N.D. Ill. Feb. 18, 2020).  Nor can Plaintiff rely upon *Dendy*, which again did not concern whether the call was pre-recorded but rather whether it utilized an ATDS – the use of a pre-recorded or artificial message was apparently not contested.  *See Dendy v. Chartrand*, No. 18-CV-1118-WPJ, 2019 WL 719762 (D.N.M. Feb. 20, 2019).  *Abramson* at least discusses pre-recorded calls, but involved a plaintiff who not only spoke with the alleged pre-recorded voice, but allegedly called the number back and heard the same generic message which made no sense in context except as a pre-recorded message.  *Abramson v. Caribbean Cruise Line, Inc.*, No. 2:14-CV-00435, 2014

---

[1] Plaintiff's Opposition further references "ringless voicemail technology" and cites ¶¶ 41 and 44, but ¶ 41 merely states in conclusory form that he received "pre-recorded" messages and ¶ 44 merely recites what he claimed in a consumer complaint. *See* Pl. Oppo. p. 5.

WL 2938626, *4 (W.D. Pa. June 30, 2014) ("Plaintiff alleges that he called the number back later that day and heard the same prerecorded message."). In contrast, the Plaintiff in this matter only alleges that he received two messages on his voicemail that featured the same script. In that script, Plaintiff claims that the representative identified herself and referenced sending him a related email, which would tend to suggest that it was a live call. *See* Compl. ¶ 42.

Defendant reiterates its citation to *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill., Dec. 18, 2012), wherein the District Court plained:

> In this case, Plaintiff provides no information **about the two messages he allegedly received from Vivint other than stating that Vivint left pre-recorded messages on his cellular phone** using an ATDS. Without enhancing his complaint with anything more than the language already available in the statute, Plaintiff provides only a threadbare, "formulaic recitation of the elements" of a TCPA cause of action, which is not entitled to an assumption of truth . . . . Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details. On the contrary, a plaintiff must supply enough additional, independent facts to raise a reasonable expectation that discovery will reveal evidence of the alleged misconduct. For example, a TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the "person" calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS. Plaintiff does not do so in the present case and may not rely on the discovery process to cure such deficiencies in his complaint.

*Id*. at *3 (Internal citations and quotations omitted) (emphasis added).

Additionally, the allegations in Plaintiff's Complaint track those in *Manopla v. Sansone Jr.'s 66 Automall*, which held:

> As presently alleged, Plaintiff's Complaint is devoid of facts from which the Court could reasonably infer that a pre-recorded message was utilized; in fact, Plaintiff's Complaint is bereft of any allegations regarding the tenor, nature, or circumstances of the alleged calls. Plaintiff merely proffers the content of the message and conclusory alleges that Defendant utilized a pre-recorded

message. Such bare-bones, conclusory allegations are insufficient to survive
a motion to dismiss.

*Manopla v. Sansone Jr.'s 66 Automall*, No. CV1716522FLWLHG, 2020 WL 1975834, at *2

(D.N.J. Jan. 10, 2020); *Hurwitz v. Pinnacle Fin. Grp., Inc.*, No. 14-10040, 2014 WL 2479999,

n.3 (E.D. Mich. June 3, 2014) (dismissing complaint where plaintiff did not offer "circumstances

that would support the inference that these calls were placed with a[n] automatic telephone

dialing system or an artificial or prerecorded voice."); *Shuler v. TimePayment Corp.*, No. CV 19-

4160, 2020 WL 983236, at *4 (E.D. Pa. Feb. 28, 2020 (dismissing claim that defendant used an

artificial or prerecorded voice where plaintiff offered no evidence of same).

Plaintiff appears to argue that he has satisfied the "tenor, nature, or circumstances" of the

calls by referencing other allegations pertaining to the Defendant's ownership, Plaintiff's consent

and the purported revocation of consent.  This fundamentally fails to grasp that the "tenor,

nature, or circumstances" at issue are those concerning the calls and not the surrounding

circumstances relating to subsequent discussions.

Because Plaintiff's Complaint fails to include more than conclusory allegations regarding

pre-recorded messages, and because Plaintiff cannot establish that the alleged pre-recorded

messages/voicemails violate the TCPA, Count Three must be dismissed.

**B.     Plaintiff's Conclusory Allegations Are Legally Insufficient To State a Do-
Not-Call Claim under 47 U.S.C. § 227(c)**

Plaintiff fails to sufficiently allege facts that Defendant placed the alleged pre-recorded

messages/voicemails.  A DNC claim under § 227(c)(5) requires that a plaintiff plead facts that

plausibly demonstrate: (1) he received multiple calls within 12 months; (2) from the same entity;

and (3) on a phone registered on the DNC Registry.  *See Katz v. Liberty Power Corp., LLC*, No.

18-CV-10506-ADB, 2019 WL 4645524 (D. Mass. Sept. 24, 2019).

Plaintiff, in conclusory fashion, states that starting in about December 2020, Plaintiff began receiving pre-recorded messages from Defendant.  Compl. at ¶ 40. Plaintiff then provides the script of two alleged voicemails. Compl. at ¶¶ 41-43.  Despite being inaudible, and despite Plaintiff never alleging any actual conversations with Defendant or even picking up the phone, Plaintiff claims these voicemails were from an entity known as Boston Sports Club.  Plaintiff has not, because he cannot, allege that he ever spoke with a representative of Defendant during any of the alleged calls.  In fact, the only description of the alleged calls are the two voicemails overviewed in ¶¶ 42-43 of the Complaint.  There is no direct evidence that Defendant placed any of the alleged offending prerecorded messages/voicemails to Plaintiff.  Plaintiff cannot advance facts demonstrating Defendant (or an agent) made the alleged prerecorded messages/voicemails.

**C.      Plaintiff Has No Private Right of Action Under § 227(c) Since Plaintiff Is Not a Residential Telephone Subscriber – Cell Phones Are Not Residential Phones And Plaintiff's Allegations Fail Even If Some Cell Phones May Be Considered Residential Phones**

Plaintiff admits he only received alleged prerecorded messages/voicemails to his *cellular telephone*.  Compl. at ¶ 33.  Plaintiff has no private right of action under the plain language of § 227(c) of the TCPA and its regulations as that right is limited to redress for violations to *residential telephone* subscribers and does not encompass cellular telephones.  Cell phones are not residential phones.[2]  See Cunningham v. Lines, 2016 WL 749871, at *2 (S.D. Fla. Dec. 29, 2016) ("Plaintiff concedes that all telephone calls at issue were made to his cellular telephone

---

[2] The TCPA expressly distinguishes "residential telephone" from "cellular telephone." *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) *with id.* § 227(b)(1)(B). "Where Congress uses certain language in one part of a statute and different language in another, it is generally presumed that Congress acts intentionally." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 544 (2012).  "[A] negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute." *Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006).  Moreover, "The definition of residential is 'used as a residence or by residents,' and 'resident' is defined as 'living in a place for some length of time,' or 'one who resides in a place.'" *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 362 n.7 (E.D. Pa. 2019) (quoting Merriam Webster). As the *Shelton* recognized, "the plain language of 'residential telephone' describes a telephone used by individuals in the home, and not a cellular telephone, which can be used anywhere." *Id*.

number, and the Court finds Plaintiff's assertion that a cellular telephone can be converted into a residential phone unavailing."); *Morgan v. U.S. Express, Inc.*, No. 3:17-cv-00085 2018 WL 3580775, at *1 ("The holds that the structure and language of the TCPA demonstrate that calls made to a cell phone are not calls made to a 'residential telephone line,' and so Count One will be dismissed.").

The *Morgan* court succinctly stated the multiple bases why a cell phone cannot be a residential phone as claimed by Plaintiff in this case.  First, a plaintiff's characterization of the cell phone is not determinative since these are not factual allegations, but legal terms drawn from the operative statute.  *Id*. at *2.  Second, the structure of the statute makes it clear that a call can be to either a cell phone or a residential line, and the statute addresses those two distinct possibilities in two different sections.[3]  *Id*.; *see* n.2.  Third, Congress used different language to discuss cell phones and residential lines, further demonstrating that they are not interchangeable. *Id*.  Finally, Plaintiff's proposed "dual" purpose readings/uses and readings creates practical problems.  *Id*. at *3.[4]  As stated above, a cell phone is not a residential phone.

While this Court should find that cell phones do not qualify as a residential phones, at minimum Plaintiff's Complaint does not suffice even if this Court were to consider it.  Plaintiff's Opposition fails to identify any specific allegations regarding the residential uses of his *cellular*

---

[3] *See Morgan*, 2018 WL 3580775 at *2 ("Admittedly, fewer courts have considered the precise question presented here, whether one phone can serve as both a residential and cellular line, but at least one court has rejected it. *See Cunningham v. Carribean Cruise Lines, Inc.*, No. 15-62580-CIV, 2016 WL 7494871, at *2 (S.D. Fla. Dec. 29, 2016) ("While Plaintiff argues that his cellular phone serves as both a mobile and residential line, the Eleventh Circuit distinguishes residential land line telephone numbers from cell-phone numbers.... [T]he Court finds Plaintiff's assertion that a cellular phone can be converted into a residential phone unavailing.")").

[4] "The finely reticulated scheme discussed above creates careful categories. It would be odd if a cell phone, largely used outside the home and at work, became a residential line just because it was brought home and thereby erased those statutory categories. How frequently would it need to be used at home before it became a residential telephone line? Would it revert to its previous state as a mere cell phone if you added a landline at your house? How would these things be proved? Thankfully, these difficult questions can be avoided simply by following the natural reading of the TCPA and treating cell phones and residential lines differently." *Morgan*, 2018 WL 3580775 at *3.

*telephone*, and instead argues that merely by placing his number on the DNC registry and alleging that it is not a business number, he has satisfied his pleading requirements.  Because Plaintiff has failed to plead the *residential use* of his *cellular telephone*, his allegations are insufficient.

There is, however, a growing split as to whether cell phones can even qualify for residential protections, with recent Courts rejecting that proposition.  *See, e.g., Cunningham v. Creative Edge Mktg. LLC*, No. 419CV00669ALMCAN, 2021 WL 2792353, at *4 (E.D. Tex. June 16, 2021), report and recommendation adopted, No. 4:19-CV-669, 2021 WL 3048400 (E.D. Tex. July 20, 2021) ("Various courts, including this Court, have considered similar claims by Plaintiff and found that the regulation does not encompass Plaintiff's cell phone.").  Plaintiff has no private right of action since he is not a residential telephone subscriber.  Even if, for the sake of argument, the Court considered Plaintiff's alleged residential use of his admitted use of his cell phone, Plaintiff has not alleged sufficient facts to establish that his cell phone is used for residential purposes.  *See Strange v. Doe #1*, No. CV 19-1096, 2020 WL 2476545, at *3 (W.D. La. May 12, 2020) ("Recent courts considering similar claims have found this section not to encompass cellular phones and have dismissed the claims, while other courts have determined a plaintiff must put forth evidence establishing that the cellular phone is used for residential purposes.").

Notably, at least one of the decisions cited by Plaintiff actually supports Defendant's position.  Plaintiff cites to *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 131 (N.D. Tex. 2020), however that court held that "[a]lthough the TCPA does not define 'residential telephone subscriber,' the Court agrees with those courts that have required plaintiffs to show the number called was used for "residential purposes."  This is exactly the position Defendant espouses: that

8

Plaintiff has failed to adequately allege sufficient facts to establish a private right of action under 47 U.S.C. § 227(c). And of course this Court need not consider the residential use of Plaintiff's cell phone for the reasons discussed above.

Here, Plaintiff alleges he received the calls/messages on his cellular telephone (not residential telephone). The private right of action created by 47 U.S.C. § 227(c) is limited to redress for violation of the regulations that concern residential telephone subscribers. Even if the Court were to consider Plaintiff's alleged residential use of his cellular telephone, Plaintiff has not sufficiently plead enough facts to allow this Court to conclude that it was used for residential purposes. Counts One and Two should be dismissed.

### D. Plaintiff Fails to Sufficiently Allege Willful or Knowing Violations

Plaintiff argues that Defendant ignores Plaintiff's allegations in its assertion that Plaintiff fails to allege willful or knowing violations, but Plaintiff simply does not allege facts warranting treble damages. Plaintiff fails to argue that these alleged violations under the TCPA would rise to the level of willful or knowing under 47 U.S.C. § 227(b)(3). They certainly do not show that defendant intentionally violated the TCPA. Plaintiff impermissibly cites to hearsay materials that other individuals claimed to have asked to be taken off of call list. Even if true, those allegations to do not show that Defendant willfully or knowingly violated the TCPA.

Plaintiff's Complaint does not allege facts regarding a willful or knowing violation of the TCPA. Thus, Plaintiff's claim for treble damages must be dismissed.

## III.   <u>CONCLUSION</u>

Based on the foregoing, Defendant respectfully requests that Plaintiff's Class Action Complaint be dismissed.

Respectfully Submitted,

GORDON REES SCULLY &
MANSUKHANI, LLP

By:
/s/ Donald G. Derrico
Donald G. Derrico, Esq.
Jake T. Goldstein, Esq.
Attorneys for Defendants
*NEW TSI HOLDINGS INC.*
500 Mamaroneck Ave Suite 503
Harrison, NY  10528
T: (914) 777-2210

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 15, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

RESPECTFULLY SUBMITTED,

Gordon Rees Scully Mansukhani, LLP

<u>/s/ Donald G. Derrico</u>
Donald G. Derrico