UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICK ROSE, on behalf of himself
and others similarly situated,
                              Plaintiff,

-v-

NEW TSI HOLDINGS, INC.,
                              Defendant.

---

21-CV-5519 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Patrick Rose, on behalf of himself and others similarly situated, brings this action against New TSI Holdings, Inc. ("TSI"), alleging that TSI violated the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to his cellphone number. TSI moves to dismiss the complaint for failure to state a claim. For the reasons that follow, TSI's motion is denied.

**I.   Background**

The following facts are drawn from Rose's complaint and assumed true for the purposes of this motion.

Rose is a resident of North Carolina. (*See* Dkt. No. 1 ¶ 9.) Rose's cellphone number, which he uses only for personal purposes, has been listed on the National Do Not Call Registry ("DNC Registry") since 2004. (*See* Dkt. No. 1 ¶¶ 32–33.) TSI is a Delaware corporation whose principal place of business is in Elmsford, New York. (*See* Dkt. No. 1 ¶ 10.) TSI owns and operates several health and fitness facilities, including Boston Sports Clubs. (*See* Dkt. No. 1 ¶ 27.)

In 2018, Rose visited a Boston Sports Club location owned and operated by TSI. (*See* Dkt. No. 1 ¶ 34.) After visiting this Boston Sports Club, Rose began receiving solicitation calls on behalf of the Boston Sports Club. (*See* Dkt. No. 1 ¶ 36.) Rose asked TSI on at least five

occasions to stop contacting him, including in an email in which he identified his number and told TSI, "STOP CALLING AND TEXTING ME." (Dkt. No. 1 ¶¶ 38–39.) Yet Rose continued to receive solicitation calls, including a number of identical prerecorded messages in 2021 offering Boston Sports Club membership promotions. (*See* Dkt. No. 1 ¶¶ 41–43.) Ultimately, between 2018 and 2021, Rose received approximately twelve calls from TSI. (*See* Dkt. No. 1 ¶ 48.)

Rose subsequently filed this action. (Dkt. No. 1.) Rose alleges that TSI violated the TCPA in three ways: by making telemarketing calls to a telephone number on the DNC Registry; by making telemarketing calls with prerecorded messages without prior written consent; and by making these calls even after he told TSI to stop calling him. (*See* Dkt. No. 1 ¶¶ 2, 73–91.) For this last alleged violation, Rose seeks treble damages. (*See* Dkt. No. 1 ¶ 85.) TSI moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. No. ¶ 19.)

**II.     Legal Standard**

To overcome a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The Court must accept as true all well-pleaded factual allegations in the complaint, and 'draw [ ] all inferences in the plaintiff's favor.'" *Goonan v. Fed. Rsrv. Bank of N.Y.*, 916 F. Supp. 2d 470, 478 (S.D.N.Y. 2013) (alteration in original) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)).

### III. Discussion

#### A. Prerecorded Messages

TSI first argues that Rose fails to allege sufficient facts to sustain a claim that he received prerecorded messages. According to TSI, the complaint alleges only that Rose received pre-recorded messages, which TSI asserts is a conclusory allegation. Under the TCPA, it is unlawful "for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice" to a cell phone. 47 U.S.C. § 227(b)(1)(A)(iii). Courts have denied motions to dismiss in cases brought under the TCPA in which plaintiffs have alleged that they received prerecorded calls and that the contents of the call were identical. *See, e.g.*, *Husain v. Bank of Am., N.A.*, No. 18 Civ. 7646, 2020 WL 777293, at *2 (N.D. Ill. Feb. 18, 2020) (denying motion to dismiss where "calls were made with a pre-recorded voice, leaving the exact same message with the same voice"); *Dendy v. Chartrand*, No. 18 Civ. 1118, 2019 WL 719762, at *3 (D.N.M. Feb. 20, 2019) (denying motion to dismiss "because the calls contained prerecorded messages" and "contained the same message"); *Abramson v. Caribbean Cruise Line, Inc.*, No. 2:14 Civ. 00435, 2014 WL 2938626, at *4 (W.D. Pa. June 30, 2014) (denying motion to dismiss where "Plaintiff alleges that he called the number back later that day and heard the same prerecorded message"). Rose alleges the same here. Beyond alleging that he received prerecorded messages, he also alleges that at least two of the prerecorded messages were identical and includes a transcript of those two messages. (*See* Dkt. No. 1 ¶ 40–43.) Rose further notes that his phone never rang when he received these prerecorded messages (*see* Dkt. No. ¶ 44), potential evidence that he received a kind of prerecorded message known as "ringless voicemails," *see FTC, Law Enforcement Partners Announce New Crackdown on Illegal Robocalls*, https://www.ftc.gov/news-events/pressreleases/ 2019/06/ftc-law-enforcement-partners-announce-new-crackdown-illegal

3

(last visited Mar. 24, 2022). These allegations sufficiently support Rose's claim that he received pre-recorded messages at this stage.

### B.   TSI's Liability

TSI next challenges the sufficiency of Rose's allegations that TSI was responsible for the prerecorded messages he received. To show a violation of the DNC provisions of the TCPA, a party need only demonstrate "more than one telephone call within any 12-month period by or on behalf of the same entity[.]" 47 U.S.C. § 227(c)(5). Courts in this district have held that a plaintiff sufficiently alleges an entity's liability under the TCPA at the motion to dismiss stage when the prerecorded message promotes the entity's business. *See, e.g.*, *Metten v. Town Sports Int'l, LLC*, No. 18 Civ. 4226, 2019 WL 1299939, at *3 (S.D.N.Y. Mar. 21, 2019); *see also Keifer v. HOSOPO Corp.*, No. 3:18 Civ. 1353, 2018 WL 5295011, at *4 (S.D. Cal. Oct. 25, 2018) ("Furthermore, since the [complaint] alleges that the purpose of the calls was to sell [Defendant's] services, the Court also finds it reasonable at this [motion to dismiss] stage of the proceedings to infer that if the calls were not made by Defendant, they were made by entities utilized by Defendant, acting as its agents, to place the calls on its behalf.") Rose alleges that TSI owns the Boston Sports Clubs. (*See* Dkt. No. 1 ¶ 27.) Rose further alleges that he received multiple prerecorded messages within a twelve-month period, including prerecorded messages in March 2021 and April 2021 offering him a deal to join the "Boston Sports Club." (Dkt. No. 1 ¶¶ 41–43.) The Court thus concludes that it is plausible that TSI is liable for the prerecorded messages Rose received.

### C.   Residential Subscriber

TSI also asserts that Rose has no private right of action under the TCPA because he alleges only that he received prerecorded messages on his cellphone, thus failing to establish that he is a residential telephone subscriber. The TCPA is designed to protect "residential subscribers

who object to receiving telephone solicitations." 47 U.S.C. § 227(c)(3). As TSI concedes, however, cellular telephone numbers can qualify as residential numbers under the TCPA. The FCC, which possesses authority to issue implementing rules and regulations for the TCPA, *see* 47 U.S.C. § 227(c)(1–3), defines a "residential subscriber" as a "subscriber to a telephone exchange service that is not a business subscriber," 47 C.F.R. § 64.2305(d) — a definition that can include cellphone users. Indeed, the FCC has explicitly determined that the DNC Registry applies to cellphone numbers. *See* 47 C.F.R. § 64.1200(e); *see also In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039, ¶ 36 (F.C.C. 2003) ("[W] will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'"). Consistent with this legislative authority, courts have repeatedly recognized the protections afforded to wireless numbers by the TCPA and the DNC Registry. *See, e.g.*, *Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195, 201–02 (D. Mass. 2021); *Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1120 (W.D. Mo. 2020); *Mestas v. CHW Grp. Inc.*, 508 F. Supp. 3d 1011, 1028 (D.N.M. 2020). Though Rose does not specifically allege that his cellphone number was a residential one, he alleges that it was a personal number that he did not use for business purposes (*see* Dkt. No. 1 ¶ 33) and that it has been listed on the DNC Registry since 2004 (*see* Dkt. No. 1 ¶ 32). At the motion to dismiss stage, these allegations are sufficient for Rose's TCPA claims to move forward.

    **D.  Treble Damages**

Finally, TSI moves to dismiss Rose's claims for treble damages as insufficiently pleaded. The Court may award treble damages "[i]f the court finds that the defendant willingly or knowingly violated" the TCPA. *Echevvaria v. Diversified Consultants, Inc.*, No. 13 Civ. 4980, 2014 WL 929275, at *8 (S.D.N.Y. Feb. 28, 2014), *report and recommendation adopted*, 2014 WL 12783200 (S.D.N.Y. Apr. 22, 2014). Allegations support a willful or knowing violation of

the TCPA when there is "evidence that a defendant was aware or should have been aware that it called an individual after he or she asked that the calls stop or that the defendant knew it was violating the TCPA but kept calling anyway." *Warman v. L. Off. of Daniel M. Slane*, No. 14 Civ. 700, 2017 WL 971196, at *6 (W.D.N.Y. Mar. 13, 2017). Rose alleges exactly that here: Rose told TSI to stop contacting him at least five times, including in an email to TSI in which he identified his number and told TSI to "STOP CALLING AND TEXTING ME." (Dkt. No. 1 ¶¶ 38–39.) Despite these requests, Rose continued to receive prerecorded messages from TSI. (Dkt. No. 1 ¶¶ 40–43.) Rose's claims for treble damages therefore survive.

### IV. Conclusion

For the foregoing reasons, TSI's motion to dismiss is DENIED.

TSI shall file an answer to the complaint within 21 days after the date of this opinion and order.

The Clerk of Court is directed to close the motion at Docket Number 19.

SO ORDERED.

Dated: March 28, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge